UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LINARES,<br><br>             Petitioner,<br><br>    vs.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>             Respondent. | CASE NO. CV 14-1821 DMG (RZ)<br><br>ORDER TO SHOW CAUSE RE UNTIMELINESS |

       The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

       In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final, *see* 28 U.S.C. § 2244(d)(1), but for prisoners like Petitioner, whose conviction became final before AEDPA took effect, the limitation period begins with AEDPA's effective date of April 24, 1996. The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after April 24, 1996: the date on which a State-created impediment – itself a violation of constitutional law – was removed; the date on which a newly-recognized constitutional right was established by the Supreme Court, provided that

the new right has been made retroactively applicable to cases on collateral review; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 648, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).

Petitioner is a Guatemalan national and is represented by counsel. Although he does not state that his 1989 arrival in the United States was legal, he does state that he received asylum and a work permit in 1992. He filed the current petition on March 12, 2014. From the face of the petition and judicially-noticeable materials, the Court discerns that –

(a) In August of 1989 in Los Angeles County Superior Court, Petitioner pleaded guilty to a charge of assault with a deadly weapon. He was sentenced to 19 days in custody and two years of probation. Pet. ¶¶ 1-2 (reciting an *April* 14, 1989 date for conviction and sentencing); Mem. at 2-3 (discussing pretrial proceedings and guilty plea, on *August* 14, 1989, at greater length). He did not appeal.

(b) Petitioner's conviction became final in October of 1989, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT. 8.304(b) (former Rule 30), 8.308 (former Rule 30.1(a)).

(c) Six and a half years later, Petitioner's one-year AEDPA limitations period began running on that statute's effective date of April 24, 1996. Barring a contrary showing by Petitioner, it appears to have run out a year later in April 1997.

(d) Fifteen and a half more years passed. In August of 2012, Petitioner began a series of unsuccessful habeas actions in the trial court, the California Court of Appeal and the California Supreme Court. The state high court denied his final petition on October 23, 2013.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. His limitations period appears to have expired in April 1997, one year after AEDPA's effective date. Petitioner's commencement of state habeas proceedings eight and a half years thereafter cannot rejuvenate his stale claim. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

Petitioner's sole claim is one of *Padilla* error, *i.e.*, that his appointed counsel failed to advise him of the immigration-related consequences of pleading guilty. (He states that he is currently facing the prospect of removal based on the 1989 conviction.) Such is indeed a valid kind of claim. *See Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). But the Supreme Court recently held that *Padilla* is not retroactively applicable to petitioners whose convictions became final before *Padilla*. *Chaidez v. United States*, __ U.S. __, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013). *Chaidez*'s non-retroactivity holding plainly prevents Petitioner from having obtained a fresh one-year AEDPA limitations period when *Padilla* was decided on March 31, 2010. (Petitioner ethically calls attention to *Chaidez, see* MODEL RULES OF PROF'L CONDUCT R.3.3(a)(2), acknowledging that it is an obstacle for him – but hoping that he might qualify for an unspecified exception or that the Supreme Court may favorably reexamine *Chaidez*. *See* Mem. at 13 n.1.) Even if *Padilla* had reset the 12-month limitations period, moreover, Petitioner would still be untimely. He waited over 17 months after *Padilla* before he first raised a *Padilla* claim in court in August 2012.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: March 14, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE